IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JUAN SOLIS | § | |
| v. | § | CIVIL ACTION NO. 6:17cv116 |
| ROBERT WALKER, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF</u>

The Plaintiff Juan Solis, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Motion for Injunctive Relief**

Solis filed a motion for injunctive relief asking that the Court order the Defendants to arrange for outside law enforcement officers, or several officers from the Office of the Inspector General, to go to the Coffield Unit and take Solis and another inmate, Juan Arevado, off of the Coffield Unit and transfer them to another prison unit. He contended that his life was in danger as a result of prison gang activity.

Specifically, Solis asserted that prison officials Mitchell and Walker sent his criminal records to a member of the Aryan Brotherhood, who began yelling threats at him. Attacks were planned against him but were prevented by the Mexican Mafia. However, Solis claimed that numerous prison officials met directly with members of the Aryan Brotherhood. Some prison officials also

told the Mexican Mafia that Solis was filing complaints saying the Mexican Mafia intended to kill him. Solis claimed that Major Wheat went to a white gang member's cell, got a list of participating gang members, and then left the wing to look at it. Shortly afterwards, Solis states that white gang members were saying that supervisors were arranging matters to allow them to murder him, and then these supervisors were going to report that Solis had committed suicide.

## II. The Magistrate Judge's Report

After review of the pleadings, the Magistrate Judge issued a Report recommending that the request for injunctive relief be denied. The Magistrate Judge stated that Solis offered nothing to show a substantial likelihood of success on the merits of his claims and did not explain how he could have personal knowledge of many of the events alleged in his motion for injunctive relief. The Magistrate Judge also noted that Solis did not show that the injunctive relief sought would not disserve the public interest.

## III. Solis' Objections

Solis requested an extension of time to file his objections, which was granted to January 23, 2018. On February 12, 2018, Solis filed his untimely objections. In the interest of justice, the Court has reviewed these objections despite their untimeliness.

In his objections, Solis complains that the Magistrate Judge did not set out all of the facts of his claims. He asserts that a prisoner named Arron Busby, a member of the Aryan Brotherhood, yelled out to all of H Wing that TDCJ officers Mitchell and Walker, defendants in this lawsuit, had sent Solis' criminal records to Busby through the mail and that Solis is "a two-time child molester." He states that Busby showed these records to every officer who worked on H Wing and that surveillance cameras will show officers and inmates in front of Busby's cell reviewing these records. This resulted in threats and hatred directed against Solis from the officers, as well as poisoning of his food.

Solis sets out the elements of a retaliation claim and asserts that letters were taken from his cell for mailing on some unspecified date, but given to Busby instead. He again states that

surveillance cameras will prove this allegation. He complains that the Magistrate Judge only reviewed his motion for injunctive relief and not his supplemental complaint and states that he does not have to prove that he was actually injured.

Next, Solis contends that he does not have to prove his case in the pleadings, but need set out only "a short and plain statement of his claims." He insists that his allegations are not conclusory and states that when the Court reviews the surveillance camera data, the evidence will support his pleadings and show the orchestration of a conspiracy against him. Solis maintains that the surveillance cameras will provide evidence of personal knowledge, although he does not indicate that he personally has reviewed them. He cites *Wilkerson v. Goodwin*, 774 F.3d 845 (5th Cir. 2014), in which the Fifth Circuit held that placement in solitary confinement for over 35 years implicates a protected liberty interest, but does not indicate how this case is relevant to his request for injunctive relief.

An attached statement from Arevado, written in the same handwriting as Solis' objections, states that for a long time, he has overheard several white, black, and Hispanic inmates talking about harming, attacking, or poisoning Solis because he is a child molester. He identifies these inmates as Arron, Billy Bob, a Hispanic prisoner known as "47," and a black prisoner known as Muhammed, as well as another unidentified white prisoner.

Arevado goes on to assert that he heard Arron talking to a prisoner called Low Rider and to "47" about how they have to get together to hurt Solis. He has heard sounds of "metal on metal, hammer, chiseling loud noises of the sheet metal," as if these prisoners were trying to break out of their cells to assault Solis.

**IV. Discussion**

In order to obtain a preliminary injunction, the movant must establish (1) a substantial likelihood of success on the merits, (2) a substantial threat of injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion." *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

In *Jones v. Texas Department of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018), the plaintiff Jones, a diabetic TDCJ prisoner, alleged that he was on a special diet for his diabetes, but this diet was discontinued during lockdowns despite repeated complaints. Jones contended that his blood sugar rose above 500, considerably above normal, and he suffered a heart attack during one of the lockdowns.

Jones sought injunctive relief, but this was denied by the district court. On appeal, the Fifth Circuit stated that in order to establish a likelihood of success on the merits of his Eighth Amendment claim, Jones would have to show a likelihood that substituting high-sugar meals for his prescribed diet amounted to deliberate indifference to his serious medical needs. Under the facts as presented, the Fifth Circuit determined that Jones' pleadings alleged a pattern of knowing interference with the prescribed care for his diabetes, despite multiple complaints including an official grievance. These claims were adequate to state a claim for deliberate indifference to his serious medical needs, giving Jones a sufficient likelihood of success on the merits.

The Fifth Circuit also determined that Jones' allegations were sufficient to show a substantial threat of irreparable injury and that the district court could not simply assume that providing necessary medical care to a prisoner would be too much of an inconvenience to prison authorities. Thus, the denial of injunctive relief by the district court was vacated and remanded for further proceedings.

Jones' allegations were specific, concrete, and direct. He stated that he was diabetic and was not receiving a medically-ordered diet, but instead was provided food which was contraindicated by his condition. Any reasonable prison official would understand that giving a high-sugar diet to a diabetic inmate creates a substantial risk of harm.

By contrast, Solis' claims are vague, general, and conclusory. He points to alleged conversations between prison officials and gang members, but fails to show how he could have personal knowledge about any such conversations. The hearsay shouts of prison gang members in the hallway cannot serve to clearly carry the burden of persuasion to show a substantial likelihood of success on the merits, nor a substantial likelihood of irreparable injury if the requested injunctive relief is not granted. The Fifth Circuit has held that mere speculation of an irreparable injury is insufficient to satisfy this requirement. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985); *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013).

Solis concedes in his amended complaint that his requests for protection were denied because he did not provide any names or identifying details about the persons threatening him to investigators, and so his allegations could not be confirmed. As a general rule, prisoners must provide some identifying facts concerning the persons threatening him in order to set out a viable failure to protect claim. *Blake v. Berkebile*, civil action no. 3:07cv1001, 2010 U.S. Dist. LEXIS 31751, 2010 WL 1236398 (N.D.Tex., March 2, 2010), *Report adopted at* 2010 U.S. Dist. LEXIS 31752, 2010 WL 1254651 (N.D.Tex., March 30, 2010), *citing Robinson v. Cavanaugh*, 20 F.3d 892, 894 (8th Cir. 1994) *and Matzker v. Herr*, 748 F.2d 1142, 1150 (7th Cir. 1984); *see also Tipps v. Wathen*, 697 F.App'x 328, 2017 U.S. App. LEXIS 17195, 2017 WL 3911762 (5th Cir., September 6, 2017). Solis' general and conclusory allegations cannot meet his onerous burden of proving the elements required for preliminary injunctive relief. *Taylor v. Cockrell*, 92 F.App'x 77, 2004 U.S. App. LEXIS 2397, 2004 WL 287339 (5th Cir., February 12, 2004); 11A Wright & Miller, *Federal Practice & Procedure* §2949 (3rd ed., April 2017 update) (noting that "preliminary injunctions frequently are denied if the affidavits are too vague or conclusory to demonstrate a clear right to relief under Rule 65.") Solis' objections are without merit.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 41) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for a temporary restraining order or preliminary injunction (docket no. 31) is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **26** day of **February, 2018.**

_____
Ron Clark, United States District Judge